UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO MARCELINO BERNADINO , Petitioner, v. Warden of Otay Mesa Detention Center; et al., Respondents. | Case No.:  26-cv-978-BJC-SBC **ORDER DENYING PETITION FOR HABEAS CORPUS** **[ECF No. 1]** |

On February 24, 2026, Bruno Marcelino Bernadino ("Petitioner") filed a petition for a writ of habeas corpus ("petition").  ECF No. 1.  On March 4, 2026, Respondents filed a return, ECF No. 4, and on March 11, 2026, Petitioner filed a traverse.  ECF No. 6.  For the reasons set forth below, the Court **DENIES** the petition.

## I.      BACKGROUND

Petitioner is a native and citizen of Brazil.  ECF No. 4 at 2.  On October 29, 2019, he was lawfully admitted into the United States on a nonimmigrant visitor for pleasure ("tourist") visa, which authorized him to remain in the United States for up to 180 days. *Id.*  However, he never departed the United States and remained here without lawful status after his tourist visa expired on April 28, 2020.  *Id.*  On January 14, 2026, he was apprehended by Immigration Customs and Enforcement ("ICE"), issued a Notice to Appear, and detained pending removal proceedings.  *Id.*  That same day, an administrative warrant was issued, however, Petitioner refused to sign it.  *Id.*

On January 28, 2026, an immigration judge held a bond hearing, but ultimately denied bond based on flight risk, stating her reasoning and findings on the record.  *Id.* Petitioner reserved appeal of the bond decision, and his appeal was due to the Board of

1

Immigration Appeals ("BIA") by February 27, 2026. *Id.* As of March 3, 2026, the Petitioner has failed to appeal the IJ's denial of bond to the Board of Immigration Appeals. *Id.* at 3.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

### A.   Jurisdiction

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce

26-cv-978-BJC-SBC

their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, he challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional duties. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

### B.        Exhaustion

When a petitioner's claims are reviewable by the BIA on appeal, the petitioner must exhaust administrative remedies before raising the claims in a habeas petition. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Exhaustion "avoids premature interference with the agency's processes and helps to compile a full judicial record." *Id.* (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995)). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a petitioner fails to exhaust prudentially required administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative

26-cv-978-BJC-SBC

remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, Petitioner has failed to exhaust available administrative remedies. Although he expressly reserved his right to appeal the immigration judge's denial of bond, he did not file an appeal with the BIA by the February 27, 2026 deadline. ECF No. 4 at 3. Because the bond determination was directly reviewable by the BIA, that administrative appeal constituted an available and adequate remedy that Petitioner was required to pursue before seeking habeas relief.

Moreover, nothing in the record suggests that exhaustion should be excused in this case. Petitioner does not contend that administrative review before the BIA would be inadequate or ineffective, nor does he argue that pursuing such relief would have been futile. He likewise makes no showing that irreparable harm would have resulted from complying with the administrative process or that the underlying proceedings were void. In the absence of any basis to waive the prudential exhaustion requirement, and given Petitioner's failure to pursue a readily available avenue of administrative review, dismissal without prejudice is warranted.

### IV.  CONCLUSION

Based on the foregoing, Respondent's Petition is **DENIED** without prejudice. Petitioner may file an amended petition on or before **May 28, 2026**. Failure to timely file an amended petition may result in dismissal of this action without further notice.

**IT IS SO ORDERED.**

Dated: April 28, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

4

26-cv-978-BJC-SBC